JOSEPH W. KEARNS, Appellant, v. THE CITIZENS NATIONAL BANK OF POTSDAM, Respondent.— Plaintiff has appealed from an order of the County Court of St. Lawrence county dismissing the amended complaint on the ground it fails to state facts sufficient to constitute a cause of action. The action is in conversion. Plaintiff was one of three endorsers on a promissory note made by one McDonough held by defendant bank. At maturity the maker defaulted in payment and plaintiff paid the full amount. He made no demand upon the bank for the old note. Thereafter he instituted this action against the bank for conversion of the note. The complaint fails to show that plaintiff made any demand for the return of the note and there is nothing in the pleading to indicate that the bank's lawful possession of the instrument was converted into an unlawful one. The complaint is entirely insufficient. Order unanimously affirmed, with ten dollars costs and disbursements. Present — Hill, P. J., Bliss, Heffernan, Schenck and Foster, JJ.

JOSEPH R. HUTTON, Respondent, v. NATIONAL GYPSUM COMPANY, Appellant.— This is an appeal from an order denying defendant, appellant's motion to change the place of trial of the above-entitled action from Ulster county to Erie county on the ground of convenience of witnesses. The action is brought by plaintiff to recover damages alleged to have been sustained to certain canal barges while under charter to the defendant. The complaint alleges that when the vessels were delivered to defendant they were in good seaworthy condition, but upon their return at the close of the season they were damaged and that such damage was not the result of ordinary wear and tear. Defendant admits the charter agreement, but denies the vessels were damaged while in its service. The motion for the order to change the place of trial for the convenience of witnesses is addressed to the sound discretion of the court. We cannot find that there was an abuse of discretion. From the papers submitted on this application for change of place of trial, the Special Term was justified in making an order denying the motion, and the order of the Special Term should be affirmed. Order unanimously affirmed, with ten dollars costs and disbursements. Present — Hill, P. J., Bliss, Heffernan, Schenck and Foster, JJ.

WILLIAM D. MEREDITH, an Infant, by WILLIAM R. MEREDITH, His Guardian ad Litem, and WILLIAM R. MEREDITH, Respondents, v. LOUIS R. WALLACE and LEONARD GILLEN, Appellants.— Appeal from judgments and orders in a negligence action. Defendant Wallace was the owner of a truck driven by defendant Gillen, his employee. The truck was loaded with merchandise belonging to Wallace to be delivered on his behalf. Gillen, midway of the journey, attached a land roller to the rear of the truck. The fastening loosened and the roller crossed the highway and was struck by plaintiff's car proceeding on its own side of the road. The evidence sustains the finding that the roller either was the property of Wallace or was being transported with the consent of his representative. The verdict is not against the weight of evidence, and is not excessive. Judgments and orders unanimously affirmed, with costs. Present — Hill, P. J., Crapser, Bliss, Heffernan and Schenck, JJ.